## ALLEN v. STATE.*

(Division A.　Nov. 15, 1926.)

[110 So. 121.　No. 25742.]

1. HOMICIDE.

Assaults by defendant on deceased prior to assault which imme-
diately preceded his death *held* admissible, on evidence that they,
because of deceased's anæmic condition, contributed to his death.

2. HOMICIDE.

Witness may testify to assault, though not identifying assailant or
person assaulted; identify of each being established by another.

3. CRIMINAL LAW.

In view of other evidence, admission of nonexpert opinion of cause
of death, and of others' complaints of defendant's treatment of
deceased, *held harmless.*

*Corpus Juris-Cyc. References: Criminal Law, 17 C. J., p. 331, n. 45.
Homicide, 30 C. J., p. 162, n. 77; p. 196, n. 80.

APPEAL from circuit court of Jasper county, Second
district.

HON. W. L. CRANFORD, Judge.

Matt Allen was convicted of an offense, and appeals.
Affirmed.

*Deavours & Hilbun, J. A. McFarland, Holt E. J. Ross*
and *H. L. Bayless,* for appellant.

I. Testimony as to previous difficulties between par-
ties cannot be introduced on a trial of one of the parties
for the murder of the other. This doctrine has been an-
nounced in many cases and may now be regarded as one
of the fixed and settled principles of the criminal law
in Mississippi. The few exceptional cases in which tes-
timony of this kind do not come under this general

rule having no reference to a case such as the one at bar, and therefor it is not necessary to enter into a discussion of the excepted cases. *Foster* v. *State,* 70 Miss. 755; *Herman* v. *State,* 75 Miss. 340; *Holt* v. *State,* 78 Miss. 631; *Raines* v. *State,* 81 Miss. 489; *Thompson* v. *State,* 84 Miss. 758; *Brown* v. *State,* 88 Miss. 166; *Collier* v. *State,* 106 Miss. 613; *Hughes* v. *State,* 38 So. 33; *Finklea* v. *State,* 48 So. 1.

II. In our opinion, the testimony of two witnesses touching the cause of deceased's death was clearly incompetent viewed from any standpoint. Neither of the witnesses was an expert and yet each one of them was permitted to express his opinion touching a matter about which there must be the very greatest doubt in the mind of any impartial investigator, that is, as to what caused the death of Jim Bethea.

The two witnesses were simply farmers and neighbors who saw the dead body of the decedent, for whose murder the appellant has been indicted and was on trial. Each of these witnesses made an examination more or less, particularly of the dead body. Each found certain marks or scars or bruises or wounds or whatever it may be cared to call them on the body.

We contend that the extreme limit of the competency of the testimony offered by these witnesses was that each of them could testify as to what he saw and as to what marks or bruises, if any, he observed on the dead body; but for the trial court to permit one of these witnesses, Welbourn, to testify that the wounds and bruises which he saw were sufficient to have caused his death and to testify further that the cause of the boy's death was "inhuman treatment" was simply for the court to permit the witness to state his opinion; and to permit the other witness (Grantham) to state that the cause of the decedent's death was the wounds that somebody put on him, and that the wounds witness saw were what killed

him, was to permit this witness to testify purely as to his opinion in the matter.

We do not deem it necessary to cite authority in support of the proposition that these witnesses ought not to have been permitted to express their opinions and that the opinions expressed by them in the way of testimony ought to have been excluded from the consideration of the jury.

III.    The court also erred in overruling the motion of appellant to exclude the testimony of certain witnesses who heard some cursing and heard some licks when about a hundred yards from the house where appellant lived, and their statement that he was administering the licks, or as to who was receiving the licks.    The mere fact that the licks, if they were licks, came from the direction of Matt Allen's house would surely not be competent testimony against the appellant.

*Rufus Creekmore,* Special Assistant Attorney-General, for the state.

I.    *The previous "difficulties."*    The first objection argued by counsel relates to the action of the trial court in permitting certain witnesses on behalf of the state to testify with reference to specific acts of violence committed by the appellant on the person of the deceased, these acts of violence covering a period of several months prior to his death.

Counsel assume as a fact that the incidents testified to by the state's witnesses were in fact "difficulties." While I do not think the underlying principle involved is essentially different in either case, yet I am unable to see how under any circumstances it can be said that there was a difficulty between appellant and Jim Bethea. On each occasion the testimony shows that Jim Bethea was the innocent recipient of an unwarranted and brutal assault; that nothing was ever done by him to provoke

an assault; nor was anything ever done by him towards resisting it or even towards defending himself therefrom, unless it could be said that raising his arms to ward off the blows showered on him was a defense or a resistance of the attack. The testimony conclusively shows that the boy was physically unable to engage in a difficulty of any kind.

It was the theory of the state, and its proof tended to show, that the death of Jim Bethea was caused directly by the continuous and constant abuse of him at the hands of the appellant. Under this theory any acts which were done in furtherance of this policy of abuse would certainly be relevant to the issue. The physical condition of Jim Bethea would also unquestionably be relevant because of the fact that whippings or beatings which would be harmless to a person in good health or strong in body could become very harmful or even fatal to a person weak in body, ill or diseased and so unable to withstand punishment.

This case on its facts may be likened to a case of poisoning where poison is administered to the victim in minute doses extending over a long period of time. In such a case could it be argued that the state on trial of the case would be limited in its proof to the extent of permitting it to show only the administration of the final dose of poison? See Wharton on Criminal Evidence (10 Ed.), p. 146; Underhill on Criminal Evidence (2 Ed.), p. 157.

Our own court has never had for consideration this proposition in the exact form here presented. It has, however, numerous times considered analogous cases— cases which hold that the state may prove the commission by the defendant of crimes independent and distinct from the one on which he is being tried, where such other crimes form a part of a system, where they are a part of the *res gestae* or where the identity of the accused is in question. *King* v. *State,* 66 Miss. 52, 6 So. 189; *Keel* v. *State,* 133 Miss. 160, 97 So. 521. See, also, *Storey* v.

*State,* 68 Miss. 609; *Collier* v. *State,* 106 Miss. 613, 64
So. 373; and *Hurd* v. *State,* 137 Miss. 178, 102 So. 293.

II.   *The testimony of Welbourn and Grantham.* When
this testimony is analyzed, it amounts merely to a state-
ment that the witness did not know what caused the death
of Bethea, but that the wounds which he saw on the body
were sufficient to have caused his death.

III.   Other assignments of error relate to the action
of the court in refusing to exclude testimony of certain
state witnesses, Grady Bufkin, William Buckley and Syl-
vester Buckley.   The objection to this testimony seems
to be that nowhere is the appellant identified as being
the person who was doing the cursing and beating.   But
the testimony of these three witnesses should be read
together; and when so read, there can be no question of
the identity of the appellant as being the party doing
the beating and of Jim Bethea as the party receiving the
beating.

SMITH, C. J., delivered the opinion of the court.

The court below committed no error in admitting evi-
dence of the various assaults made by the appellant up-
on the deceased prior to the assault which immediately
preceded his death, for the jury were warranted in be-
lieving from the evidence that these assaults, because of
the decedent's anæmic condition, contributed to his death.

The evidence of the witnesses which tended to show
that an assault on some one was being made, but who
themselves did not identify either the assailant or the per-
son assaulted, was properly admitted, for the identity of
each was established by another witness.

Assuming that the various opinions as to the cause of
the decedent's death expressed by nonexpert witnesses
should not have been admitted, and that the evidence
that complaints were made by the appellant's neighbors

to the sheriff prior to the decedent's death of the treatment by the appellant, should also not have been admitted, their admission, on this record, is clearly within the rule of harmless error. The verdict is manifestly correct.

*Affirmed.*